IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 09-475
:
WILLIAM JACKSON :

FILED
JUN 2 8 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

Norma, L. Shapiro, J.            June 27, 2011

Before the court are defendant William Jackson's ("Jackson") motions to suppress statements and physical evidence. Jackson is charged in a four-count indictment with: possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1); carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); possession of marijuana in violation of 21 U.S.C. § 844(a); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The court held a suppression hearing on February 15, 2011, after which the court granted the parties' request for leave to file supplemental briefs. Defendant's motions to suppress will be denied.

At approximately 11:08 P.M. on December 7, 2006, Drug Enforcement Administration ("DEA") Special Agents Randy Cole and Gerald Logan reported to Kellis, a bar located at 3169 Kensington Avenue in Philadelphia. The agents were responding to a radio call relaying an anonymous informant's tip regarding a black male wearing a black Adidas hooded sweatshirt and fatigue pants and possessing a gun. Upon entering the bar, the agents spotted defendant, who was seated at the bar and dressed in a black Adidas hooded sweatshirt and blue jeans. The agents

1

approached defendant and asked him if he would accompany them to the back of the bar to talk.

Defendant agreed to talk with the agents at the rear of the bar, and walked to that location with Agent Logan beside him and Agent Cole directly behind him. Agent Logan testified at the suppression hearing that, while walking with defendant, he placed his hand on Jackson's shoulder. Agent Cole testified he may have put his hand on defendant's back. Both agents testified their touching was brief and done to guide defendant through the crowd to the back of the bar.

At some point after Agent Cole initially touched defendant's back, defendant informed him he was carrying a firearm. Agent Cole was unable to recall at the suppression hearing whether defendant's admission occurred while his hand was still on defendant's back. When the two agents and defendant reached the back of the bar, Agent Cole ordered defendant to place his hands on the wall. Agent Cole then seized defendant's firearm, handcuffed him and placed him under arrest.

Outside the bar, Agent Logan searched defendant incident to his arrest, and recovered from his sweatshirt pocket forty-two small, clear ziplock baggies containing crack cocaine and one glass jar containing marijuana.

Defendant now moves to suppress his statement that he possessed a firearm, as well as the firearm, the baggies of crack and the glass jar of marijuana.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Evidence discovered during an unreasonable search or seizure is considered "fruit of the poisonous tree," and is inadmissible at trial. Wong Sun v. United

States, 371 U.S. 471, 484-85 (1963).

The court must determine whether defendant was seized before he informed Agents Cole and Logan that he was in possession of a firearm. See United States v. Torres, 534 F.3d 207, 210 (3d Cir. 2008) ("The initial step of a Fourth Amendment suppression analysis requires us to determine the timing of the seizure."). The anonymous tip provided to Agents Cole and Logan did not contain any "indicia of reliability" necessary to make their seizure of defendant reasonable. See Florida v. J.L., 529 U.S. 266 (2000) (anonymous tip stating a black male wearing a plaid shirt at a bus stop was carrying a gun was insufficient to support the reasonable suspicion necessary to effect a stop under Terry v. Ohio, 392 U.S. 1 (1968)). If defendant's statement of gun possession came after he was seized, it must be suppressed as "fruit of the poisonous tree."

Whether an interaction with a law enforcement officer constitutes a seizure implicating Fourth Amendment protections requires consideration of "all of the circumstances surrounding the encounter." Florida v. Bostick, 501 U.S. 429, 439 (1991). A "seizure does not occur simply because a police officer approaches an individual and asks a few questions." Id. at 434. A seizure violating the Fourth Amendment occurs when the challenged police conduct "communicate[s] to a reasonable person that the person was not free to decline the officers' requests [to answer questions] or otherwise terminate the encounter." Id. at 439. See also Terry, 392 U.S. at 19 n. 16 ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."). "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as

would under the Constitution require some particularized and objective justification." United States v. Mendenhall, 446 U.S. 544, 554 (1980). A "person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Id. In Mendenhall, the Supreme Court provided a non-exhaustive list of "circumstances that might indicate a seizure," including "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." Id. (internal citations omitted).

Defendant's brief cites Agent Logan's testimony at the suppression hearing that he observed additional officers in the bar as he escorted defendant outside. There was no testimony that the additional officers were present in the bar at the time of defendant's challenged statement, and defendant makes no such contention. Nor does he contend the agents brandished their weapons or used language or tone of voice indicating that compliance with their requests might be compelled. Defendant's motion to suppress is based solely on the agents touching his person while walking him to the back of the bar.

At the suppression hearing, Agents Cole and Logan testified they briefly placed their hands on defendant to guide him to the back of the bar. Defendant had already voluntarily consented to accompany the agents to that location. At no point during the walk to the rear did defendant attempt to flee or change course so that the agents attempted to restrain him. The agents' touching defendant's person reasonably can be seen as an attempt to communicate with him in a noisy environment where verbal communication was difficult. Their touching did not

4

amount to "a laying on of hands or application of physical force to restrain movement." California v. Hodari D., 499 U.S. 621, 626 (1991). Since defendant had consented to accompany the agents to the back of the bar, there was no need for them to restrict his movement. The agents' touching defendant briefly to guide him to a specific area of the bar where he had already agreed to converse with them could not reasonably suggest to defendant that his consensual interaction with the agents was suddenly compulsory. See INS v. Delgado, 466 U.S. 210, 216 (1984) ("While most citizens will respond to a police request, the fact that people do so, and do so without being told they are free not to respond, hardly eliminates the consensual nature of the response.").

Because defendant was not seized at the time he stated he had a firearm on his person, evidence of that statement, the firearm and the drugs recovered from his person pursuant to his arrest are admissible. See Chimel v. California, 395 U.S. 752, 763 (1969) (the permissible scope of a search incident to arrest includes "the arrestee's person and the area 'within his immediate control' - construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."). Contrary to defendant's assertion in his original motion to suppress, his unsolicited statement of gun possession given before the agents began to question him is admissible under Miranda v. Arizona, 384 U.S. 436 (1966), because "[t]he predicate of Miranda is the inherently coercive nature of police interrogation of a person in custody; it cannot have application to a situation where one, not under stress of interrogation, simply volunteers a statement." United States v. Fioravanti, 412 F.2d 407, 413-14 (3d Cir. 1969); see also Miranda, 384 U.S. at 478 ("Any statements given freely and voluntarily without any compelling influences are . . . admissible.").

Defendant's motion to suppress will be denied. His statement he had a firearm, the firearm and the crack and marijuana recovered from his person are admissible in evidence.